IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-607-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JERRY JABBARI RHODES | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for compassionate release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1020). Here, the defendant contends that due to a recent amendment to the U.S. Sentencing Guidelines regarding acquitted conduct, there is a gross disparity between the sentence he is serving and the sentence that would likely be imposed today.

The government has responded in opposition (ECF Nos. 1039, 1047), asserting that the defendant fails to meet the requirement set out in U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13(b)(6), and he has not identified a cognizable, retroactive change of law affecting his sentence. The defendant replied to the government's responses and this matter is now ripe for review.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

STANDARD OF REVIEW

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824 (2010).

However, the commonly termed "compassionate release" provision of § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. Under this statute, a district court may reduce a criminal defendant's sentence if the court finds extraordinary and compelling reasons that warrant such a reduction after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, as well as "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to the First Step Act of 2018, courts could only consider compassionate release upon motion of the Bureau of Prisons (BOP). *See United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). Today, however, § 3582(c)(1)(A) allows a defendant to file his own motion for compassionate release directly with the federal court so long as he first fully exhausts all administrative remedies.

Although Congress did not define "extraordinary and compelling" reasons in § 3582(c)(1)(A), the Sentencing Commission addressed the issue in a Policy Statement—United States Sentencing Guideline (U.S.S.G.) § 1B1.13—which provided the BOP with several categories of "extraordinary and compelling reasons" to consider. *McCoy*, 981 F.3d at 276.

For years following the passage of the First Step Act in 2018, the Sentencing Commission did not update § 1B1.13 to account for motions filed directly by defendants, meaning that the policy did not bind the courts when presented with a defendant's motion for compassionate release. *Id*. at 281–82, 284. A court, therefore, remained "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise."

*Id*. at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (alteration and emphasis in original).

However, on November 1, 2023, the Sentencing Commission, via Amendment 814, amended U.S.S.G. §1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction. The qualification list falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. The policy statement also recognizes the possibility that the BOP could identify other grounds that amount to extraordinary and compelling reasons.

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate

the relevant § 3553(a) factors. *Id*. at 195.

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. First, the court determines whether extraordinary and compelling reasons support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Finally, if the court finds that an extraordinary and compelling reason warrants relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024).

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

Finally, the defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all

administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government notes that defendant submitted his request to the Warden on April 4, 2023 and has not received a response. As the defendant has exhausted his remedies, the court will proceed to review the merits of the case.

## PROCEDURAL HISTORY

In May 2016, the defendant and 12 others were charged in a 1-count Second Superseding Indictment (SSI) (ECF No. 600) charging them with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B).

The defendant went to trial and the jury found the defendant guilty of the lesser-included offense on the single conspiracy count. By special verdict, the jury found that the conspiracy was responsible for at least 500 grams of cocaine and at least 280 grams of crack cocaine and that the defendant, individually, was responsible for a measurable amount of crack and power cocaine pursuant to §§ 841(a)(1) and (b)(1)(C).

Prior to the filing of the Second Superseding Indictment, the attorney for the government filed an Information, pursuant to 21 U.S.C. § 851, notifying the defendant that he was subject to enhanced penalties based on his convictions for the following prior felony drug offenses: (1) September 26, 1996, conviction for possession of ice/crack cocaine in Richland County General Sessions Court, sentenced to 5 years suspended with 5 years

probation; (2) March 14, 1997, conviction for trafficking in cocaine in 19th Circuit Court in Stuart County, Florida, sentenced to 4 years youthful offender and 2 years probation; and (3) January 26, 2000, conviction for possession with intent to distribute cocaine in the United States District Court in the District of South Carolina, sentenced to 60 months followed by 36 months of supervised release.

The Presentence Report (PSR) (ECF No. 703) prepared by the United States Probation Office, determined that the defendant's total offense level of 34 and criminal history category of VI produced a Guideline range of 235 to 293 months. The defendant was also determined to be a career offender pursuant to U.S.S.G. § 4B1.1(b). At the original sentencing hearing on March 13, 2017, the court sentenced the defendant to 244 months incarceration.

On June 7, 2018, the defendant's sentence was vacated and remanded by the Fourth Circuit Court of Appeals. *United States v. Rhodes*, 736 F. Appx. 375, 380–81 (4th Cir. 2018). The Court found that the district court erred in sentencing the defendant as a career offender. On October 4, 2018, this court imposed the current sentence of 205 months (with a term of supervision of 6 years) after granting a variance and upon consideration of the sentencing factors under 18 U.S.C. § 3553(a).

As the government explains in its memorandum in opposition, the PSR prepared for resentencing determined that 28 grams of marijuana, 4.05 kilograms of cocaine, and 592 grams of crack cocaine were attributable to the defendant, based upon relevant conduct, yielding a base offense level 30. The defendant objected to the PSR's calculation of the

drug weights attributable to him. In support of the PSR's calculations, the government relied upon the trial testimony of co-defendants Jamison and Ashford. The government specifically noted that Jamison testified on direct, cross, re-direct, and re-cross examinations that he supplied the defendant with at least six kilograms of powder cocaine. The defendant argued that the district court could not consider acquitted conduct in determining the drug weights in light of the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), and that to do so would put him in jeopardy twice. The defendant conceded that he was responsible for 2.02 grams of crack cocaine and 42 grams of powder cocaine.

The district court decided to discount some, but not all, of Jamison's trial testimony in determining drug weights. The court concluded that the government proved by a preponderance of the evidence that 3.5 kilograms of cocaine powder were attributable to defendant Rhodes. In doing so, the court explained, "I just could not conclude that Mr. Jamison came in and just spun a fairy tale in front of us. I know he had a plea agreement and I know he had something to gain and I know that he couldn't get a downward departure unless the government made the motion, but his testimony was pretty detailed and pretty precise." This court further stated, "I do find Mr. Jamison to be credible at least in part, at least in part. I'm not prepared to write off his testimony in its entirety, but I will go down to 3.5 kilograms of cocaine powder." This court thus found the defendant responsible for 28 grams of marijuana found during his arrest, 3.5 kilograms of powder cocaine, and 2.2 grams of crack cocaine found during his arrest, yielding a base offense level 28. Given his total offense level 34 and criminal history category V, the defendant's Guidelines range

was 235 to 293 months. This court varied downward 30 months, finding that the prior convictions driving the defendant's criminal history category were for relatively small amounts of controlled substances. This court resentenced Rhodes to 205 months imprisonment (ECF No. 807).

The defendant filed a second appeal after resentencing arguing that the district court erred in considering conduct acquitted by the jury as relevant conduct for sentencing purposes. The Fourth Circuit Court of Appeals found that the district court correctly concluded that Supreme Court and Fourth Circuit precedent permit sentencing courts to consider acquitted conduct that has been proved by a preponderance of the evidence. *See, United States v. Rhodes*, 789 Fed. Appx. 366 (4th Cir. 2019). The Court held that Rhodes's sentence, relying on acquitted conduct to determine the drug weights, was imposed both procedurally and substantively reasonable. *Id*.

Subsequently, the defendant filed a motion pursuant to 28 U.S.C. § 2255 which this court denied (ECF No. 942). He then filed a motion to reduce his sentence based upon Amendment 821 regarding status points which this court also denied (ECF Nos. 1005, 1006).

The defendant is now 50 years old. On January 17, 2025, the defendant was granted Executive Clemency by President Biden (ECF No. 1050) which had the effect of commuting his total sentence down to 150 months imprisonment, leaving intact and in effect the term of supervised release and all other conditions of the sentence. The defendant has received credit for time served since June 22, 2015. As of the date of this order, the defendant has served

nine and one-half years of his now 150 month sentence. His release from the BOP is scheduled for May 8, 2026.

## DISCUSSION

### I. *Intervening Case Law, Disparity, and Acquitted Conduct*

The defendant's primary argument rests upon U.S.S.G. 1B1.13(b)(6) for his claim that his acquitted conduct should not be used in calculating his Guidelines based upon the U.S.S.G. Amendment 826 which became effective December 1, 2024.

As is relevant here, U.S.S.G. § 1B1.13(b)(6) declares that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out an additional limitation on changes in the law: Except as provided in subsection (b)(6), "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" under this policy statement.

The defendant will have served 10 years of his sentence in June 2025, but as of the date of this order, he has not met 10 years of service requisite and for that reason, this motion must be dismissed. Moreover, and even if the defendant had served the required 10 years, his motion would have to be denied for a second reason. U.S.S.G. § 1B.13(b)(6) expressly prohibits the court from considering arguments to the guideline that has not been made retroactive. The acquitted conduct change to the Guidelines (Amendment 826) has not been made retroactive. *See* U.S.S.G. §§ 1B1.10(a)(1) and 10(d).

Therefore, because the defendant has not met 10 year threshold for relief under U.S.S.G. § 1B1.13 to file a motion for compassionate release his request is denied. Even if such a motion were proper under the 10 year threshold, the motion would still fail because the defendant relies on a non retroactive Guidelines amendment.

II. *Rehabilitation and Post-Sentencing Conduct*

In his motion, the defendant attests that he has taken several First Step Act educational courses while incarcerated, and that he has completed the full drug program at the BOP. He also attests that he has maintained clear conduct for the past three years and has been employed at the prison. Although he complained in his motion of the BOP's hard prison conditions as a result of the COVID-19 plan, he states in his reply that he would not be filing a "*Bivens*" complaint at this time.

While his rehabilitation and post-sentencing conduct are commendable, standing alone, they do not rise to an extraordinary and compelling reason to justify compassionate release.

CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties under the recent changes in sentencing laws and amendments to the Guidelines.

In summary, this court does not find an extraordinary and compelling reason for consideration, nor does it have authority under U.S.S.G. § 1B1.13(b)(6), to grant compassionate release on the defendant's claim of a sentencing disparity caused by the use of acquitted conduct at sentencing. As such, it is not necessary for the court to address the § 3553(a) factors.

For the reasons stated herein, the defendant's motion (ECF No. 1020) is respectfully denied.

IT IS SO ORDERED.

March 25, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge